UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

L T TUCKER,

        Plaintiff,

v.

CORIZON CORRECTIONAL
HEALTHCARE, INC. et al.,

        Defendants.
_____/

Case No. 2:19-cv-170

Honorable Janet T. Neff

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's First Amendment retaliation claims for failure to state a claim.

## Discussion

    **I.**    **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The

events about which he complains, however, occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues Corizon Correctional Healthcare, Inc., Chief Medical Officer Carmen McIntyre, Assistant Medical Officer James Blessman, and Medical Staff Person Derek J. Falk. Plaintiff also sues Petty Prison Nurses D. Anderson, Unknown Coffinger, Unknown Dutiel, Unknown Simpson, D. Turner, H. Richardson, Unknown Haynes-Love, and P. Hillier.

Plaintiff alleges that he is a sixty-five year-old African American who suffers from insulin dependent type II diabetes, diabetic peripheral neuropathy, hypertension, glaucoma, and hepatitis. Plaintiff states that he suffers from severe nerve pain in his feet and legs as a result of the diabetic neuropathy. On July 20, 2018, he spoke with Defendant Falk and described the nerve pain that he had been experiencing. Defendant Falk stated that he would submit a request to the Pain Management Committee for Plaintiff to receive Lyrica. The generic name for Lyrica is Pregabalin. Plaintiff told Defendant Falk that if he did not receive treatment for his pain, he was going to file a grievance on Corizon. Plaintiff contends that a prescription for Neurontin 600 mg three times a day had previously been approved for him by the Pain Management Committee, and that the prescription did not expire until November 16, 2019. Plaintiff alleges that as a result of an unwritten pattern and practice of denying needed pain medication, each of the named Defendants repeatedly denied him his prescribed pain medication. Plaintiff states that this denial resulted in continuous pain and deterioration of the nerves in his legs and feet.

Plaintiff claims that Defendants acted with deliberate indifference in violation of the Eighth Amendment, and that they retaliated against him in violation of the First Amendment. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

3

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Eighth Amendment

In this case, Plaintiff asserts that he was denied pain medication for his serious medical condition, despite the fact that he had a prescription for Neurontin during the pertinent time period. The Court concludes that these allegations are sufficient to state a claim under the Eighth Amendment.

### IV. Retaliation

Plaintiff claims that Defendants retaliated against him for threatening to file a grievance by refusing to give him pain medication. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004).

4

> Moreover, *Muhammad* does not stand for the proposition that temporal proximity alone is sufficient to create an issue of fact as to retaliatory motive. In *Muhammad* the Sixth Circuit did not resolve the issue, but merely observed that "temporal proximity alone **may be** 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Id.* at 418 (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)) (emphasis added). Even if temporal proximity may in some cases create an issue of fact as to retaliatory motive, it would only be sufficient if the evidence was "significant enough." Plaintiff's conclusory and ambiguous evidence is not "significant enough" to create an issue of fact as to retaliatory motive.

*Brandon v. Bergh*, 2010 WL 188731, slip op. at 1 (W.D. Mich., Jan. 16, 2010).

Defendant Falk told Plaintiff that he would recommend Lyrica to the Pain Management Committee. At this point, Plaintiff told Defendant Falk that he planned to file a grievance on Defendant Corizon if he did not get appropriate treatment for his pain. Plaintiff claims that he was not given his prescribed pain medication following this discussion. It is clear from Plaintiff's complaint, that at the time he threatened to file a grievance, there was already a question regarding whether he would receive pain medication. Nothing in Plaintiff's complaint supports a finding that any of the named Defendants acted with a retaliatory motive. Therefore, Plaintiff's retaliation claims are properly dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's retaliation claims against the named Defendants will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth amendment claims against each of the named Defendants remain in the case.

An order consistent with this opinion will be entered.

Dated: December 13, 2019  /s/ Janet T. Neff
Janet T. Neff
United States District Judge