UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

L T TUCKER,

        Plaintiff,                Case No. 2:19-cv-170

v.                                         Honorable Janet T. Neff

CORIZON CORRECTIONAL
HEALTHCARE, INC. et al.,

        Defendants.
_____/

**OPINION ADDRESSING AMENDED COMPLAINT**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's First Amendment retaliation claims, his Fourteenth Amendment due process claims, and his FDCA claim.

**Discussion**

**I.**    **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The

events about which he complains, however, occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The Court screened Plaintiff's original complaint and entered an opinion and order dismissing Plaintiff's First Amendment retaliation claims with prejudice (ECF Nos. 10 and 11). The Court then stayed the case and referred Plaintiff's Eighth Amendment claims to early mediation (ECF No. 14). An order removing the case from early mediation was entered on January 29, 2020 (ECF No. 18).

Currently before the Court is Plaintiff's amended complaint (ECF No. 7), which adds claims under the Fourteenth Amendment, the Federal Food, Drug and Cosmetic Act (FDCA), and state law. In addition, some of the parties named in Plaintiff's amended complaint are different from those named in his initial complaint.

In Plaintiff's amended complaint, he states that he is suing Corizon Correctional Healthcare, Inc., Chief Medical Officer Carmen McIntyre, Assistant Medical Officer James Blessman, and Medical Staff Person Derek J. Falk. Plaintiff also sues Petty Prison Nurses D. Anderson, Unknown Coffinger, Unknown Dutiel, Unknown Simpson, D. Turner, and Unknown Haynes.

Plaintiff alleges that he is a sixty-five year-old African American who suffers from insulin dependent type II diabetes, diabetic peripheral neuropathy, hypertension, glaucoma, and hepatitis. Plaintiff states that he suffers from severe nerve pain in his feet and legs as a result of the diabetic neuropathy. On July 20, 2018, he spoke with Defendant Falk and described the nerve pain that he had been experiencing. Defendant Falk stated that he would submit a request to the Pain Management Committee for Plaintiff to receive Lyrica. The generic name for Lyrica is Pregabalin. Plaintiff told Defendant Falk that if he did not receive treatment for his pain, he was going to file a grievance on Corizon. Plaintiff contends that a prescription for Neurontin 600 mg

three times a day had previously been approved for him by the Pain Management Committee, and that the prescription did not expire until November 16, 2019. Plaintiff alleges that as a result of an unwritten pattern and practice of denying needed pain medication, each of the named Defendants repeatedly denied him his prescribed pain medication. Plaintiff states that this denial resulted in continuous pain and deterioration of the nerves in his legs and feet.

Plaintiff claims that Defendants acted with deliberate indifference in violation of the Eighth Amendment, and that they retaliated against him in violation of the First Amendment. As noted above, Plaintiff also asserts claims under the Fourteenth Amendment, the Federal Food, Drug and Cosmetic Act (FDCA), and state law. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III. Eighth Amendment

In Plaintiff's amended complaint, as in his original complaint, Plaintiff asserts that he has been denied pain medication for his serious medical condition since July of 2018, despite the fact that he had a prescription for Neurontin which did not expire until November 16, 2019. Plaintiff specifically alleges that each of the named Defendants were involved in the denial of his prescribed medication. The Court concludes that these allegations are sufficient to state a claim under the Eighth Amendment.

## IV. Retaliation

Plaintiff's retaliation claims are substantively identical to those asserted in his original complaint. Plaintiff claims that Defendants retaliated against him for threatening to file a grievance by refusing to give him pain medication. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d

4

378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004).

> Moreover, *Muhammad* does not stand for the proposition that temporal proximity alone is sufficient to create an issue of fact as to retaliatory motive. In *Muhammad* the Sixth Circuit did not resolve the issue, but merely observed that "temporal proximity alone **may be** 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Id.* at 418 (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir.2004) (emphasis added). Even if temporal proximity may in some cases create an issue of fact as to retaliatory motive, it would only be sufficient if the evidence was "significant enough." Plaintiff's conclusory and ambiguous evidence is not "significant enough" to create an issue of fact as to retaliatory motive.

*Brandon v. Bergh*, 2010 WL 188731, slip op. at 1 (W.D. Mich., Jan. 16, 2010).

Plaintiff's retaliation claim was addressed in the Court's initial opinion dated December 13, 2019. Because the substance of the allegations raised in Plaintiff's amended complaint are identical to the original complaint, the Court's conclusion on those claims is unchanged. Defendant Falk told Plaintiff that he would recommend Lyrica to the Pain

5

Management Committee. At this point, Plaintiff told Defendant Falk that he planned to file a grievance on Defendant Corizon if he did not get appropriate treatment for his pain. Plaintiff claims that he was not given his prescribed pain medication following this discussion. As noted previously by the Court, there was already a question regarding whether Plaintiff would receive pain medication at the time he threatened to file a grievance. Nothing in Plaintiff's amended complaint supports a finding that any of the named Defendants acted with a retaliatory motive. Therefore, Plaintiff's retaliation claims are properly dismissed.

## V.     Fourteenth Amendment

Plaintiff claims that the denial of his medication violated his rights under the Fourteenth Amendment. Any Fourteenth Amendment due process claim for denial of Plaintiff's prescription drug is redundant to his Eighth Amendment claim. Where, as here, Plaintiff is not a pretrial detainee, but a convicted prisoner, the Eighth Amendment is the primary source of substantive protection. *Graham v. Connor*, 490 U.S. 386, 395, fn. 10 (1989). *See also Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (because the Eighth Amendment supplies the explicit textual source of constitutional protection for claims governing a prisoner's health and safety, the plaintiff's substantive due process claim was subject to dismissal).

## VI.     Federal Food, Drug and Cosmetic Act (FDCA)

Plaintiff claims that Defendants conduct violated the Federal Food, Drug and Cosmetic Act (FDCA). However, in enacting the FDCA, Congress not only declined to create a private cause of action, but also affirmatively required that any action to enforce the FDCA "shall be by and in the name of the United States" (21 U.S.C. § 337(a)), thereby mandating that the FDCA and its implementing regulations be "enforced exclusively by the Federal Government." *Aaron v. Medtronic, Inc.*, 209 F. Supp. 3d 994, 1009 (S.D. Ohio 2016), *citing Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 352 (2001). Therefore, this claim is properly dismissed.

**VII.     State Law Claims**

Finally, Plaintiff asserts violations of state law.  Claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).  Section 1983 does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983.  In determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).  Because Plaintiff's state law claims concern the same issues as those involved in his Eighth Amendment claims, the Court will exercise supplemental jurisdiction over his state-law claims.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims under the FDCA and his claims under the First and Fourteenth Amendments will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Plaintiff's Eighth Amendment and state law claims against each of the named Defendants remain in the case.

An order consistent with this opinion will be entered.


Dated:    February 20, 2020                                    /s/ Janet T. Neff
                                                                                Janet T. Neff
                                                                                United States District Judge