UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

L.T. TUCKER,

    Plaintiff,

v.

CORIZON CORRECTIONAL
HEALTHCARE, INC., et al.,

    Defendants.
_____/

Case No. 2:19-cv-170

HON. JANET T. NEFF

## OPINION AND ORDER

This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by a state prisoner (Amended Complaint, ECF No. 7). Before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dismissing Defendants McIntyre and Blessman from the suit (ECF No. 153). The Magistrate Judge's February 14, 2022 Report and Recommendation (ECF No. 152) recommended that the Court grant Defendants McIntyre and Blessman's Motion for Summary Judgment (ECF No. 123) and deny Plaintiff's Motion for Summary Judgment (ECF No. 125). For the reasons that follow, the Court overrules and denies the objections and approves and adopts the Magistrate Judge's Report and Recommendation.

Plaintiff makes several blanket objections to the Report and Recommendation in his Objections (ECF No. 153). Plaintiff generally objects that the Magistrate Judge in the Report and Recommendation failed to construe Plaintiff's *pro se* complaint liberally (*id.* at PageID.2046). Plaintiff also objects that the Magistrate Judge failed to view the evidence in the light most favorable to him (*id.*). Plaintiff next objects that the Magistrate Judge failed to properly consider

the affidavit Plaintiff filed in support of his motion for summary judgment and erroneously weighed the evidence, which is a jury function (*id.*). Finally, Plaintiff stresses that Defendants McIntyre and Blessman were "the real final policymakers" and created an unwritten policy to deny Plaintiff pain medication, an allegation which Plaintiff claims was not addressed in the Report and Recommendation (*id.* at PageID.2047).

Plaintiff's general objections do not satisfy the objection requirement. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991). "[O]bjections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Spencer*, 449 F.3d at 725 (internal quotations and citations omitted).

Plaintiff's objections also rehash arguments already raised, and objections are not the place to relitigate issues already raised and addressed. *See, e.g.*, *Frans v. Comm'r of Soc. Sec.*, No. 2:18-CV-4, 2019 WL 3205838, at *1 (W.D. Mich. July 16, 2019); *Thrower v. Montgomery*, 50 F. App'x 262, 264 (6th Cir. 2002) ("no new arguments beyond those already addressed by the magistrate judge were presented and this general objection is wholly insufficient to preserve the right to appeal").

The Court will apply de novo review only to those portions of the Report and Recommendation to which Plaintiff raises clear and specific objections. FED. R. CIV. P. 72(b)(3); *see Miller*, 50 F.3d at 380; *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court discerns that Plaintiff makes a single specific objection to the Report and

Recommendation: that Defendants were the real responsible parties, "the final policymakers" regarding Plaintiff's pain treatment, and Defendants were deliberately indifferent to Plaintiff's medical needs in denying him pain medication (*id.* at PageID.2047). Even assuming Defendants McIntyre and Blessman were the "final policymakers" on pain medication administration (*id.*), that allegation does not the change the result on these motions for summary judgment. The Report and Recommendation found that Plaintiff failed to support the claim that Defendants MDOC Chief Medical Officer McIntyre, M.D., and MDOC Assistant Chief Medical Officer Blessman, M.D., denied Plaintiff medication or had a policy of denying Plaintiff medication because the record established that these Defendants provided Tucker with pain medications, including the medicine he said he was denied, Neurontin, based on requests from Plaintiff's examining or treating health care providers and the directives of the Pain Management Committee (ECF Nos. 126-1, 126-2, 152 at PageID.2028-2029, 2041).

Plaintiff does not rebut this conclusion by pointing to evidence in the record. The Court has reviewed the record and finds that Defendants provided Plaintiff with pain medication, including Neurontin, acting on the recommendations of his health care providers; the same is true of the method of administration of Neurontin, which was also based on the recommendation of Plaintiff's health care providers (ECF Nos. 123-1 at PageID.1727-1728, 126-10, 126-11, 152 at PageID.2038-2040). Plaintiff has not pointed to evidence in the record to support his claim that Defendants had a policy of denying him medication or even denied him medication that was requested. Therefore, the Magistrate Judge rightly concluded that Defendants were not deliberately indifferent to Plaintiff's medical needs. After reviewing the Report and Recommendation as well as Plaintiff's Objections and the record, the Court concludes that the Report and Recommendation is adopted and the Objections denied.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dismissing Defendants McIntyre and Blessman from the suit (ECF No. 153) are **DENIED**.

**IT IS FURTHER ORDERED** that the Court **APPROVES** and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 152) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 125) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants McIntyre and Blessman's Motion for Summary Judgment (ECF No. 123) is **GRANTED**.

Dated: March 30, 2022

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge